UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURT WASHINGTON,<br><br>　　　　　Plaintiff,<br><br>　　v.<br><br>RONALD RACKLEY, et al.,<br><br>　　　　　Defendants. | No.  2:16-cv-0198 CKD P<br><br>ORDER &<br><br><u>FINDINGS AND RECOMMENDATIONS</u> |

I. <u>Introduction</u>

　　　　Plaintiff is a state prisoner proceeding pro se.  Plaintiff seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.  This proceeding was referred to this court by Local Rule 302 pursuant to 28 U.S.C. § 636(b)(1).

　　　　Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  Accordingly, the request to proceed in forma pauperis will be granted.

　　　　Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect twenty percent of the preceding month's income credited to plaintiff's prison trust account and forward it to the Clerk of the Court each time the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full.  28 U.S.C. § 1915(b)(2).

////

1

II. Screening Standard

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

In order to avoid dismissal for failure to state a claim a complaint must contain more than "naked assertions," "labels and conclusions" or "a formulaic recitation of the elements of a cause of action." Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555-557 (2007). In other words, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements do not suffice." Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949 (2009). Furthermore, a claim upon which the court can grant relief has facial plausibility. Twombly, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. When considering whether a complaint states a claim upon which relief can be granted, the court must accept the allegations as true, Erickson v. Pardus, 127 S. Ct. 2197, 2200 (2007), and construe the complaint in the light most favorable to the plaintiff, see Scheuer v. Rhodes, 416 U.S. 232, 236 (1974).

////

////

////

III. <u>Discussion</u>

A. <u>Allegations</u>

Plaintiff is serving an indeterminate life sentence in state prison. (ECF No. 1 at 4.) In 2012, he pled guilty to a disciplinary charge of possessing a note, although he maintained he did not know the content or context of the note. (<u>Id.</u> at 3.) Based on the note, he was found guilty of promoting gang activity. (<u>Id.</u>) Plaintiff challenges his June 2012 disciplinary conviction for gang activity, for which he was assessed a ninety-day credit loss. (<u>Id.</u> at 4, 6.) Plaintiff argues that this conviction was not supported by the evidence, as he had no documented association with any gang, let alone a Northern Hispanic gang, as he is a 62-year-old African-American male from Southern California. (<u>Id.</u> at 7, 16-23.) Plaintiff asserts the disciplinary conviction creates a significant hardship, as he was denied parole based on the finding of gang activity and "has to worry about retaliation from all the gangs" while in prison. (<u>Id.</u> at 17.) He seeks relief in the form of expungement of the 2012 disciplinary conviction for gang activity. (<u>Id.</u> at 3, 25.)

Plaintiff names four defendants: Rackley, the Warden of Folsom State Prison (FSP), where plaintiff currently resides; Davis, the Associate Warden at Pleasant Valley State Prison (PVSP), who "was responsible for authorizing and signing off on" the disciplinary conviction (<u>id.</u> at 5); Lozano, the Chief of the Office for Appeals, who "improperly screened out" plaintiff's administrative grievance on the issue (<u>id.</u> at 5-6); and Ybarra, a Correctional Lieutenant at PVSP who conducted the disciplinary hearing for the challenged conviction (<u>id.</u> at 6).

Plaintiff filed a federal habeas action challenging the disciplinary conviction, No. 2:14-cv-2620 MCE EFB P, which was dismissed on February 17, 2016 for falling outside the reach of federal habeas jurisdiction; however, the court noted that plaintiff could file a new case pursuing his claims under § 1983.

B. <u>Discussion</u>

There are five procedural requirements of Due Process for prison disciplinary proceedings. <u>Wolff v. McDonnell</u>, 418 U.S. 539 (1974). First, "written notice of the charges must be given to the disciplinary-action defendant in order to inform him of the charges and to enable him to marshal the facts and prepare a defense." <u>Id.</u> at 564. Second, "at least a brief

3

1  period of time after the notice, no less than 24 hours, should be allowed to the inmate to prepare
2  for the appearance before the [disciplinary committee]." Id.  Third, "there must be a written
3  statement by the factfinders as to the evidence relied on and reasons for the disciplinary action."
4  Id.  Fourth, "the inmate facing disciplinary proceedings should be allowed to call witnesses and
5  present documentary evidence in his defense when permitting him to do so will not be unduly
6  hazardous to institutional safety or correctional goals." Id. at 566.  Fifth, "[w]here an illiterate
7  inmate is involved ... or where the complexity of the issues makes it unlikely that the inmate will
8  be able to collect and present the evidence necessary for an adequate comprehension of the case,
9  he should be free to seek the aid of a fellow inmate, or ... to have adequate substitute aid ... from
10 the staff or from a[n] ... inmate designated by the staff." Id. at 570.  In addition, Due Process
11 requires that the decision be supported by "some evidence." Superintendent v. Hill, 472 U.S.
12 445, 455 (1985).

13 　　　In Heck v. Humphrey, 512 U.S. 477, 486-87 (1994), the Supreme Court held that to
14 recover damages for "harm caused by actions whose unlawfulness would render a conviction or
15 sentence invalid," a § 1983 plaintiff must prove that the conviction or sentence was reversed,
16 expunged, or otherwise invalidated.  The Heck bar preserves the rule that federal challenges,
17 which, if successful, would necessarily imply the invalidity of incarceration or its duration, must
18 be brought by way of petition for writ of habeas corpus, after exhausting appropriate avenues of
19 relief. Muhammad v. Close, 540 U.S. 749, 750–751 (2004).

20 　　　However, "challenges to disciplinary proceedings are barred by Heck only if the § 1983
21 action would be seeking a judgment at odds with [the prisoner's] conviction or with the State's
22 calculation of time to be served." Nettles v. Grounds, No. 12-16935, slip op. at 12 (9th Cir. July
23 26, 2016) (en banc), citing Muhammad, 540 U.S. at 754-55.  "If the invalidity of the disciplinary
24 proceedings, and therefore the restoration of good-time credits, would not necessarily affect the
25 length of time to be served, then the claim falls outside the core of habeas and may be brought in
26 § 1983." Id.; see, e.g., Pratt v. Hedrick, 2015 WL 3880383, *3 (N.D. Cal. June 23, 2015) (§1983
27 challenge to disciplinary conviction not Heck-barred where "the removal of the rule violation
28 report or the restoration of time credits" would not necessarily result in a speedier release for

4

inmate with indeterminate life sentence and no parole date).

As to defendant Lozano, there are no constitutional requirements regarding how a grievance system is operated. See Ramirez v. Galaza, 334 F.3d 850, 860 (9th Cir. 2003) (holding that prisoner's claimed loss of a liberty interest in the processing of his appeals does not violate due process because prisoners lack a separate constitutional entitlement to a specific prison grievance system). Thus, plaintiff may not impose liability on a defendant simply he or she played a role in processing plaintiff's inmate appeals. As plaintiff fails to state a cognizable claim against Lozano, the undersigned will recommend that this defendant be dismissed with prejudice.

Plaintiff's complaint states cognizable due process claims under 42 U.S.C. § 1983 and 28 U.S.C. § 1915A(b). Therefore, the court will order that plaintiff provide information to the court so that the remaining defendants can be served with process.

In accordance with the above, IT IS HEREBY ORDERED that:

1. The Clerk of Court is directed to assign a district judge to this action.

2. Plaintiff's request for leave to proceed in forma pauperis is granted.

3. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

4. Service is appropriate for the following defendants: Rackley, Davis, and Ybarra.

5. The Clerk of the Court shall send plaintiff three USM-285 forms, one summons, an instruction sheet and a copy of the complaint.

6. Within thirty days from the date of this order, plaintiff shall complete the attached Notice of Submission of Documents and submit the following documents to the court:

    a. The completed Notice of Submission of Documents;

    b. One completed summons;

    c. One completed USM-285 form for each defendant listed in number 4 above; and

      d. Four copies of the complaint.

7. Plaintiff need not attempt service on defendants and need not request waiver of service. Upon receipt of the above-described documents, the court will direct the United States Marshal to serve the above-named defendants pursuant to Federal Rule of Civil Procedure 4 without payment of costs.

IT IS HEREBY RECOMMENDED that defendant Lozano be dismissed with prejudice from this action.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen days after being served with these findings and recommendations, plaintiff may file written objections with the court.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 1, 2016

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

2 / wash0198.1.new

1
2
3
4
5
6
7

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURT WASHINGTON,<br><br>            Plaintiff,<br><br>      v.<br><br>RONALD RACKLEY, et al.,<br><br>            Defendants. | No.  2:16-cv-00198 CKD P<br><br><br>NOTICE OF SUBMISSION OF DOCUMENTS |

　　　　Plaintiff submits the following documents in compliance with the court's order filed
_____:

　　　\_\_\_\_　　　　completed summons form

　　　\_\_\_\_　　　　completed USM-285 forms

　　　\_\_\_\_　　　　copies of the _____
　　　　　　　　　　　　　　　　Complaint

DATED:

　　　　　　　　　　　　　　　_____
　　　　　　　　　　　　　　　　　Plaintiff
_____

1