UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KURT WASHINGTON, | No. 2:16-cv-0198 JAM CKD P |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| RONALD RACKLEY, et al., | |
| Defendants. | |

Plaintiff is a California prisoner proceeding pro se with a civil rights action pursuant to 42 U.S.C. § 1983. This action proceeds on the original complaint filed on February 1, 2016 alleging a due process violation in the course of plaintiff's June 2012 prison disciplinary hearing because there was insufficient evidence to support the finding that he promoted gang activity for possessing a note or "kite." ECF No. 1 at 8-9. By way of relief, plaintiff seeks expungement of this disciplinary conviction and removal of it from his prison C-file. ECF No. 1 at 3.

Defendants have filed a motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure arguing that plaintiff's claim is barred by the Rooker-Feldman doctrine and that the complaint fails to state a claim for relief against Defendants Rackley and Davis. ECF No. 13. Plaintiff has filed an "Objection" which the court construes as an opposition to the motion, and defendants have filed a reply. ECF Nos. 17, 20. Although not permitted by the Local Rules,

1

plaintiff has filed a sur-reply which the court has also considered. ECF No. 21. Having carefully considered the record and the applicable law, the undersigned recommends dismissing plaintiff's complaint with prejudice.

## I.     Factual and Procedural Background

On June 7, 2012, while an inmate at Pleasant Valley State Prison, plaintiff was issued a rules violation report (RVR) for gang activity based on his possession of a note or "kite." ECF No. 1 at 6. A correctional officer read the note and determined that it had "information regarding the Northern Hispanic release on Facility B." See ECF No. 1 at 37-41 (RVR). Plaintiff's administrative hearing was held on June 25, 2012 before Correctional Lieutenant L.D. Ybarra. ECF No. 1 at 7. Plaintiff acknowledged that he was guilty of possessing the note but stated that he "didn't know it was a hot kite." ECF No. 1 at 7, 37. Defendant Ybarra found plaintiff guilty of promoting gang activity in violation of 15 C.C.R. § 3023(a) and assessed a 30 day loss of good time credit and a 90 day loss of dayroom and telephone privileges. ECF No. 1 at 37. In his complaint, plaintiff alleges that he was denied his due process right to a fair disciplinary hearing in violation of the Fourteenth Amendment because there was no evidence or some indicia of reliable evidence to support the administrative decision. ECF No. 1 at 16. By way of relief, plaintiff seeks the expungement of the RVR from his central prison file and all gang-related law enforcement databases and the removal of all documents related to this RVR from his prison file. Id. at 25.

Plaintiff first filed his challenge to the 2012 RVR as a federal habeas action. See Washington v. Rackley, 2:14-cv-2620 MCE EFB P (E.D. Cal.). The court dismissed the federal habeas petition without prejudice to refiling it as a federal civil rights action pursuant to 42 U.S.C. § 1983 because expunging the RVR would not lead to petitioner's speedier release from custody. See Washington, 2:14-cv-2620 MCE EFB P (E.D. Cal. 2016), ECF No. 17 (Findings and Recommendation). Therefore habeas jurisdiction was absent. Approximately two weeks prior to entry of the final judgment dismissing his habeas petition, plaintiff filed the instant civil rights complaint.

**II.     Discussion**

In reviewing defendants' motion to dismiss, the court has identified an additional deficiency with plaintiff's complaint.  Accordingly, the court will address this matter preliminarily pursuant to 28 U.S.C. § 1915(e)(2).  "Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court shall dismiss the case at any time if the court determines that the action or appeal fails to state a claim on which relief may be granted…." 28 U.S.C. § 1915(E)(2)B)(ii).

While the court correctly indicated that plaintiff's § 1983 complaint facially alleged a due process violation during his prison disciplinary proceeding, the availability of actual relief on such a claim has been limited by the United States Supreme Court in Sandin v. Conner, 515 U.S. 472 (1995).  See ECF Nos. 5 (Findings and Recommendation concluding that plaintiff stated a cognizable due process claim), 12 (Order adopting Findings and Recommendation).  A prisoner can demonstrate a liberty interest under the Due Process Clause of the Fourteenth Amendment only if he alleges a change in confinement that imposes an "atypical and significant hardship ... in relation to the ordinary incidents of prison life."  Sandin, 515 U.S. at 484.

In this case, plaintiff facially alleged that the disciplinary conviction created a significant hardship since he was denied parole based on the finding of gang activity and because he "has to worry about retaliation from all the gangs" while in prison. ECF No. 1 at 17.  The fact that plaintiff was denied parole does not, by itself, constitute and atypical and significant hardship since he received an indeterminate life sentence and has been denied parole over a dozen times before he even received the disputed RVR.  See Washington v. Rackley, 2:14-cv-2620 MCE EFB P, ECF No. 10-1, at 3-5.  In addition, in dismissing plaintiff's prior federal habeas petition, the court concluded that "the disciplinary finding… is 'merely one factor the parole board considers to determine whether' petitioner will be suitable for parole; it is not determinative."  See Washington v. Rackley, 2:14-cv-2620 MCE  EFB P, ECF No. 17, at 2 (quoting Nettles v. Grounds, 788 F.3d 992 (9th Cir. 2015)).  For all these reasons, the disciplinary violation does not represent a "significant hardship" in relation to plaintiff's parole consideration.

The only other asserted basis establishing an "atypical and significant hardship" is

1  plaintiff's fear of retaliation from gang members.  ECF No. 1 at 17.  Notably, plaintiff's
2  disciplinary violation for gang activity did not lead to his placement in a different or more secure
3  housing unit.  Compare Resnick v. Hayes, 213 F.3d 443, 447 (9th Cir. 2000) (plaintiff's
4  placement and retention in the SHU was within range of confinement normally expected by
5  inmates in relation to ordinary incidents of prison life and, therefore, plaintiff had no protected
6  liberty interest in being free from confinement in the SHU) (quotations omitted).  Furthermore,
7  plaintiff does not identify any specific acts of retaliation that have occurred since his 2012
8  disciplinary violation.  While he may harbor a generalized fear of retaliation from other inmates
9  who are gang members or associates, that is an unfortunate, yet real circumstance of prison life.
10 This is not a case involving changes so severe as to implicate the Due Process Clause.
11         The only other change in confinement that occurred as a result of plaintiff's disciplinary
12 violation is a 90 day loss of dayroom and telephone privileges.  ECF No. 1 at 37.  This loss of
13 privileges does not rise to the level of an "atypical and significant hardship" especially in light of
14 the limited circumstances in which the Supreme Court has recognized a Fourteenth Amendment
15 liberty interest.  See Wilkinson v. Austin, 545 U.S. 209, 223-24 (2005) (finding that conditions at
16 Ohio's Supermax prison facility imposed an atypical and significant hardship because they
17 prevented almost all human contact, had dimmed light for twenty-four hours a day; allowed
18 inmates exercise for only one hour per day in a small indoor room; continued placement
19 indefinitely with only an annual review; and, disqualified otherwise eligible inmates from parole
20 consideration); Washington v. Harper, 494 U.S. 210 (1990) (finding a significant liberty interest
21 in avoiding the forced administration of psychotropic drugs); Vitek v. Jones, 445 U.S. 480 (1980)
22 (holding that the involuntary transfer of a prisoner to a mental hospital implicates a liberty interest
23 protected by the due process clause of the Fourteenth Amendment).
24         Plaintiff has failed to demonstrate any atypical and significant hardship imposed upon him
25 as a result of defendants' actions.  Plaintiff must allege "a dramatic departure from the basic
26 conditions" of his confinement that would give rise to a liberty interest before he can claim a
27 violation of due process.  Id. at 485.  The undersigned finds that plaintiff has failed to allege a
28 liberty interest, and thus, has failed to state a due process claim.  Since this deficiency is fatal to

plaintiff's claim for relief, the undersigned recommends dismissing plaintiff's complaint with prejudice. This recommendation renders the pending motion to dismiss moot.

In accordance with the above, IT IS HEREBY RECOMMENDED that:

1. Plaintiff's complaint be dismissed with prejudice; and,

2. Defendant's motion to dismiss (ECF No. 13) be denied as moot.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: July 14, 2017

_____
CAROLYN K. DELANEY
UNITED STATES MAGISTRATE JUDGE

12/wash0198.mtd.docx